UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| James J. Lewis, Jr., #232627, | ) | C/A No. 6:04-0526-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden of Lieber Correctional Institute | ) | |
| and Henry McMaster, Attorney General | ) | |
| of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner James J. Lewis, Jr. is an inmate of the South Carolina Department of Corrections ("SCDC") currently confined at the Lieber Correctional Institution. Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254 alleging (1) his trial counsel was ineffective in failing to insist upon an instruction to the jury which would have allowed petitioner to be convicted of a lesser offense of homicide, involuntary manslaughter, and (2) in failing to assert that the petitioner should have been allowed to introduce expert testimony on the issue of criminal intent.

Petitioner was indicted in February 1996 for murder and burglary first degree. After a jury trial April 1-3, 1996, petitioner was found guilty, but mentally ill, of voluntary manslaughter and first degree burglary. Petitioner was sentenced to thirty (30) years imprisonment for voluntary manslaughter and twenty (20) years, consecutive, for burglary in the first degree. Petitioner filed a timely appeal and on December 8, 1997, in an published opinion, the South Carolina Supreme Court affirmed the petitioner's conviction and sentence. *See State v. Lewis*, 494 S.E.2d 115 (S.C. 1997).

Petitioner filed an application for post-conviction relief ("PCR") on April 20, 1998. After an

1

evidentiary hearing, that application was denied by written order December 16, 2001. On August 7, 2002, John D. Elliot, counsel for petitioner, filed a petition for writ of certiorari in the South Carolina Supreme Court. The South Carolina Supreme Court denied the petition in an unpublished opinion and issued the remittitur on March 11, 2003. On February 19, 2004, petitioner, who is also represented by Mr. Elliot in this case, filed this petition for writ of habeas corpus. On June 29, 2004, respondents filed a return and motion for summary judgment. Petitioner filed a response to the motion for summary judgment on September 1, 2004.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation ("the Report") of United States Magistrate Judge William M. Catoe filed February 9, 2005. This Court is charged with making a *de novo* determination of any portion of the Report to which a specific objection is made. This Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on a review of the record, the Report recommended that respondents' motion for summary judgment be granted because petitioner's habeas petition was not timely filed. Additionally, the Report recommends that the petition is without merit. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. Petitioner filed objections to the Report on April 5, 2005. In his objections petitioner argues that the statute of limitations should be equitably tolled and that he "was denied the effective assistance of counsel provided by the Sixth Amendment of the U.S. Constitution by counsel's failure to request a charge on voluntary manslaughter." (Objections p. 2)

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

"The time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). While state collateral review tolls the one year statute of limitations under § 2244(d)(A), *Artuz v. Bennett*, 531 U.S. 4 (2000), it does not establish the right to file within one year after completion of collateral review. *Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000); *Haney v. Addison*, 175 F.3d 1217 (10th Cir. 1999); *Pearson v. N.C.*, 130 F. Supp. 2d 742 (W.D. N.C. 2001). Nor does the tolling period for state collateral review include the time for filing a petition for certiorari in the United States Supreme Court. *Stokes v. District Attorney*, 247 F.3d 539 (3d Cir. 2001); *Rhine v. Boone*, 182 F.2d 1153 (10th Cir. 1999).

Applying these criteria to the present case, it is clear that petitioner did not timely file within the one-year statute of limitations period under § 2244(d)(1)(B). In fact, even in his objections petitioner does not so argue. Petitioner's conviction became final December 8, 1997. The PCR application was filed on April 20, 1998, which is 133 days after his convictions became final. The PCR proceedings concluded when the South Carolina Supreme Court denied the petition and issued the remittitur filed March 11, 2002. At this point he had 232 days left to file his habeas petition after taking into account the 133 days that had already passed. Petitioner filed this petition for writ of

3

habeas corpus on February 19, 2004–113 days late.

Petitioner alleges that the statute of limitations should be equitably tolled because "he suffered a severe brain injury" and "was under a disability" as a result of a self-inflicted gunshot wound to the head. (Objections p. 2) Equitable tolling, in the proper circumstances, will excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations. *Harris*, 209 F.3d at 328. The Fourth Circuit has held that § 2244(d) is subject to equitable tolling. *Id*. at 329-330. The doctrine of equitable tolling has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Id*. at 330. Petitioner has not alleged any wrongful conduct on the part of the defendant. Rather, it is the second situation, extraordinary circumstances beyond his control, on which he is basing his equitable tolling argument.

With regard to equitable tolling, the Fourth Circuit Court of Appeals has stated: "We believe, therefore, that any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Id*. Petitioner's argument for equitable tolling is based on a self-inflicted wound, which does not constitute circumstances external to the party's own conduct. Additionally, this wound occurred prior to the petitioner's original trial, not during the time period for him to file this instant action. Additionally, petitioner is represented by counsel in this action and was represented by the same counsel during his petition for writ of certiorari to the South Carolina Supreme Court from the circuit court's denial of his PCR application.

In the instant case, this Court finds that the petitioner is not entitled to equitable tolling.

4

Petitioner's self-inflicted wound does not constitute extraordinary circumstances beyond his control. He was certainly able to comply with the state procedural time limits for filing his PCR claim, thus further negating his claim of entitlement to equitable tolling. Even if it were tolled, his claims would fail.

**Merits of Petition**

Petitioner alleges that his trial counsel was ineffective in failing to "insist upon" an involuntary manslaughter charge to the jury. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). In the case of *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first prong, "[t]he defendant must show that counsel's representations fell below an objective standard of reasonableness under prevailing professional norms." *Id*. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Turner v. Bass*, 753 F.2d 342, 348 (4th Cir. 1985), *quoting Strickland, reversed on other grounds* 476 U.S. 28 (1986). In meeting the second prong, a complaining defendant must show that he was prejudiced before he is entitled to reversal: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694-695.

5

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the *Strickland* test. *See Williams v. Taylor*, 529 U.S. 362 (2000) ("*Strickland* test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.").

Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. § 2254(e)(1). *See generally, Young v. Catoe*, 205 F.3d 750, 756 n. 3 (4th Cir. 2000); *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000); *Wilson v. Moore*, 178 F.3d 266, 280 (4th Cir. 1999). This presumption of correctness imposed by § 2254(e)(1) applies to findings by state appellate courts as well as trial courts. *See Sumner v. Mata*, 449 U.S. 539, 545-47 (1981). The petitioner may rebut the presumption of correctness with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When a district court determines that the petitioner has rebutted the presumption of correctness, the court must explain its analysis in its opinion granting the writ. *See Sumner*, 449 U.S. at 551. Consequently, this Court will presume the correctness of the state court's factual findings absent a determination that such findings were "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The petitioner alleges that ""[t]rial counsel candidly admitted that she should have asked for an instruction on involuntary manslaughter on the facts" and that her failure to do so amounts to ineffective assistance of counsel. (Objections p. 5) Petitioner argues that the Magistrate Judge erred in concluding that the involuntary manslaughter charge was not available on the facts of petitioner's case where he alleges his sole intention in entering his estranged wife's mobile home was to commit

6

suicide and that he had no plan to kill anyone but himself.

At the PCR hearing, while petitioner's trial counsel did testify that she should have put her request for an involuntary manslaughter charge on the record, she also testified that she did not believe the evidence at trial supported a charge of involuntary manslaughter. Trial counsel testified that she did consider requesting such a charge, but that she had off-the-record discussions with regard to that charge and it was clear to her that the trial court was not going to charge involuntary manslaughter. After hearing this and other testimony, the PCR court found:

> [t]he allegations that trial counsel's representation fell below reasonable professional norms for failing to request a[n in]voluntary manslaughter instruction on the record is without merit. This Court finds the Applicant's testimony regarding the deficiencies of his trial counsel's representation in this regard is not credible. Trial counsel's testimony as to this allegation was credible and this Court affords it great weight. Trial counsel testified that the facts of the case didn't support the instruction and that she tried to get the judge to charge it, but her request was denied, off the record. The law to be charged to the jury is to be determined by the evidence presented at trial. *State v. Peay*, 321 S.C. 405, 468 S.E.2d 669 (1996). The trial judge should charge only the law applicable to the case, as the purpose of jury instructions is to enlighten the jury. *Id*. . . . Moreover, because the charge would not have been given even if trial counsel made the request, the Applicant failed to carry his burden to show prejudice. *Strickland v. Washington*. Therefore, this Court finds that trial counsel was not deficient in this regard and Applicant was not prejudiced. Accordingly, this allegation of ineffective assistance of counsel is denied.

(Rec. p. 519-20)

The PCR judge found that trial counsel's trial strategy and tactics were not deficient and that, given the evidence against the petitioner, trial counsel's decision not to request an involuntary manslaughter charge on the record was reasonable. Additionally, the PCR court determined that even if the charge had been requested, it would not have been charged based on the evidence in the record. Petitioner has failed to demonstrate a deficiency of trial counsel's performance. This Court finds that the state court's decision was not contrary to and did not involve an unreasonable application of

7

clearly established Federal law.

## Conclusion

In his report, Magistrate Judge Catoe recommends that respondents' motion for summary judgment be granted. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law and overrules the Report and Recommendation. Accordingly, for the reasons set forth in the Report and herein, all objections are overruled and respondents' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

                                                      s/ R. Bryan Harwell
                                                     R. Bryan Harwell
                                                     United States District Judge

May 31, 2005
Florence, SC